**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JOSE GALLIMORT,

*Petitioner*,

vs.

D.W. NEVEN, *et al.*,

*Respondents*.

2:13-cv-02195-GMN-VCF

ORDER

This habeas matter comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review of the petition. Petitioner has paid the filing fee, and the pauper application therefore will be denied as moot. Following initial review, it appears that the petition is a successive petition. Petitioner therefore will be directed to show cause in writing why the petition should not be transferred and referred to the Court of Appeals as a successive petition.

***Background***

The papers submitted and the online docket records of the state and federal courts referred to herein reflect the following.

Petitioner Jose Gallimort challenges his May 26, 1998, Nevada state judgment of conviction, pursuant to a bench trial, of first-degree kidnapping with the use of deadly weapon and battery with the use of a deadly weapon, in No. C147074 in the state district court.

Petitioner challenged the conviction in the state courts both on direct appeal and on post-conviction review. The remittitur issued following the state supreme court order affirming the denial of post-conviction relief on September 5, 2001.

Petitioner thereafter filed a federal habeas petition in this Court under No. 3:01-cv-00525-DWH-RAM. The Court denied the petition on the merits on August 17, 2004. The Court of Appeals affirmed on March 15, 2006, in No. 04-16903 in that court, with a petition for

panel rehearing and rehearing *en banc* being denied on June 13, 2006.

Petitioner thereafter filed a federal petition in this Court under No. 2:10-cv-00295-JCM-PAL. The Court transferred the petition to the Ninth Circuit as a successive petition on April 7, 2010. The Court of Appeals denied petitioner permission to pursue a second or successive petition under No. 10-71149 on May 20, 2010.[1]

On or about November 25, 2013, petitioner mailed the present federal petition to the Clerk of this Court for filing. The present federal petition challenges the same state court judgment of conviction in state district court No. C147074 that petitioner challenged in his prior federal petition.[2]

The online docket records of the Ninth Circuit do not reflect that petitioner has sought and obtained permission from that court to file a second or successive petition.

***Discussion***

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. In the present petition, petitioner seeks to challenge the same judgment of conviction that he previously challenged in No. 2:10-cv-00295. The present petition constitutes a second or successive petition because the prior petition was dismissed on the merits. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005). Accordingly, petitioner must show cause why the present petition should not be transferred and referred to the Court of Appeals because he did not first obtain permission from the Court of Appeals for this Court to consider the petition.

---

[1]Petitioner also filed a federal petition in No. 2:09-cv-00222-KJD-LRL that was dismissed without prejudice for failure to pay the filing fee and a federal petition in No. 2:13-cv-01909-JCM-VCF that also was dismissed without prejudice for failure to properly commence the action. These two petitions have no material bearing on the issue addressed in this order.

[2]The Court has not summarized any additional state court filings by petitioner, because they have no relevance to the issue of whether the present federal petition is a successive petition. The Court referred to the direct appeal and the first state post-conviction petition for procedural historical context.

**IT THEREFORE IS ORDERED** that petitioner's application (#1) to proceed *in forma pauperis* is **DENIED** as moot following upon the payment of the filing fee.

**IT FURTHER IS ORDERED** that the Clerk of Court shall file the petition.[3]

**IT FURTHER IS ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall **SHOW CAUSE** in writing why the petition should not be transferred and referred to the Court of Appeals as a successive petition.

If petitioner does not timely respond to this order, the petition will be transferred to the Court of Appeals as a successive petition.

All assertions of fact in the show-cause response must be specific, including as to time and place. All factual assertions further must be supported by a declaration under penalty of perjury that is based upon personal knowledge of the facts stated therein or by other competent evidence. Any assertions of fact that are not supported in the foregoing manner will be disregarded.

DATED this 27th day of May, 2014.

Gloria M. Navarro, Chief Judge
United States District Court

---

[3]The Court is holding petitioner's motion (#3) for appointment of counsel under submission pending further review. The Court does not find that the interests of justice require the appointment of counsel pending this show-cause inquiry.

Nothing in this order implies that the claims in the current federal petition have been exhausted and/or that the federal petition otherwise is free of other deficiencies, including in particular untimeliness and procedural default. The Court defers consideration of such issues pending consideration of the issue raised herein.

Petitioner further should note that neither the Court nor the Clerk responds to requests for status updates. The Court has a heavy habeas docket, and it reaches each petitioner's case as promptly as it is able.