UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSE GALLIMORT,

    *Petitioner*,

vs.

D.W. NEVEN, *et al.*,

    *Respondents*.

2:13-cv-02195-GMN-VCF

ORDER

    This habeas matter comes before the Court on a *sua sponte* inquiry as to whether the petition is a successive petition, as well as on petitioner's motion (#3) for appointment of counsel. This order follows upon the Court's earlier show-cause order (#7) and petitioner's responses (## 10 & 11) thereto.

*Background*

    The papers submitted and the online docket records of the state and federal courts referred to herein reflect the following procedural history, which is not disputed.

    Petitioner Jose Gallimort challenges his May 26, 1998, Nevada state judgment of conviction, pursuant to a bench trial, of first-degree kidnapping with the use of deadly weapon and battery with the use of a deadly weapon, in No. C147074 in the state district court.

    Petitioner challenged the conviction in the state courts both on direct appeal and on post-conviction review. The remittitur issued following the state supreme court order affirming the denial of post-conviction relief on September 5, 2001.

    Petitioner thereafter filed a federal habeas petition in this Court under No. 3:01-cv-00525-DWH-RAM. The Court denied the petition on the merits on August 17, 2004. The Court of Appeals affirmed on March 15, 2006, in No. 04-16903 in that court, with a petition for panel rehearing and rehearing *en banc* being denied on June 13, 2006.

    Petitioner thereafter filed a federal petition in this Court under No. 2:10-cv-00295-JCM-PAL. The Court transferred the petition to the Ninth Circuit as a successive petition on April

7, 2010. The Court of Appeals denied petitioner permission to pursue a second or successive petition under No. 10-71149 on May 20, 2010.[1]

On or about November 25, 2013, petitioner mailed the present federal petition to the Clerk of this Court for filing. The present federal petition challenges the same state court judgment of conviction in state district court No. C147074 that petitioner challenged in his prior federal petition.[2]

The online docket records of the Ninth Circuit do not reflect that petitioner has sought and obtained permission from that court to file a second or successive petition.

### *Discussion*

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. In the present petition, petitioner seeks to challenge the same judgment of conviction that he previously challenged in No. 3:01-cv-00525, in which the petition was dismissed on the merits. The present petition constitutes a second or successive petition because the prior petition was dismissed on the merits. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

In his show-cause response, petitioner presents arguments regarding his underlying constitutional claims, and he urges that allegedly new evidence shows that he is actually innocent. Such argument begs the question as to whether the petition is successive. Petitioner cannot pursue a second petition challenging his conviction after a prior federal petition was denied on the merits unless he first obtains permission from the Court of Appeals to do so. To

---

[1] Petitioner also filed a federal petition in No. 2:09-cv-00222-KJD-LRL that was dismissed without prejudice for failure to pay the filing fee and a federal petition in No. 2:13-cv-01909-JCM-VCF that also was dismissed without prejudice for failure to properly commence the action. These two petitions have no material bearing on the issue addressed in this order.

[2] The Court has not summarized any additional state court filings by petitioner, because they have no relevance to the issue of whether the present federal petition is a successive petition. The Court referred to the direct appeal and the first state post-conviction petition for procedural historical context.

the extent that petitioner's arguments have any bearing on whether such permission should be granted under 28 U.S.C. § 2244(b), petitioner must present such argument instead to the Court of Appeals.

Petitioner further requests that the Court exercise ancillary jurisdiction and consider this action as a continuation of his prior action that was dismissed on the merits. The Court does not have ancillary jurisdiction in this action over the prior closed action, and any request for post-judgment relief in that action would have to be presented in that action. Even in the prior action, a post-judgment motion seeking to reopen the prior action after it was dismissed on the merits seeking to again litigate the merits would be treated as a second or successive petition – then requiring permission from the Court of Appeals to proceed. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005).

In short, petitioner must present his arguments seeking to establish a basis for again challenging his conviction on the merits to the Court of Appeals in the first instance.

**IT THEREFORE IS ORDERED** that this action hereby shall be TRANSFERRED to the Court of Appeals for consideration under 28 U.S.C. § 2244(b)(3)(A).

**IT FURTHER IS ORDERED** that petitioner's motion (#3) for appointment of counsel is DENIED with respect to proceedings in the district court, as the Court does not find that the interests of justice require the appointment of counsel herein.[3]

**IT FURTHER IS ORDERED** that the Clerk shall transmit the record to the Court of Appeals simultaneous with this transfer order substantially in the same manner as an appeal, pursuant to the Clerk's current practice with regard to transmittal of electronic records.

**IT FURTHER IS ORDERED** that the Clerk shall make informal electronic service upon respondents by adding Nevada Attorney General Catherine Cortez Masto as counsel for

---

[3]Petitioner initially presented a five-page handwritten motion for appointment of counsel. Petitioner made no suggestion therein that appointment of counsel was required due to any inability to communicate in English. The motion instead contended that counsel should be appointed because petitioner was untrained in the law. In the show-cause response, petitioner makes a conclusory reference to not speaking fluent English currently. His filings herein, however, including the show-cause response, instead reflect a quite adequate current command of written English.

respondents and directing a notice of electronic filing of this order to her office. **No response is required from respondents, other than to respond to any orders directed to respondents by a reviewing court.**

The transfer of this action to the Court of Appeals pursuant to this order closes this matter in the district court.

DATED this 23rd day of June, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court